**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEITH DAWN,** | : | **No. 4:23cv499** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **THE PRESS ENTERPRISE INC.;** | : | |
| **PAUL EYERLY; and BRANDON** | : | |
| **EYERLY,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>MEMORANDUM ORDER</u>

Plaintiff Keith Dawn proceeds in this action against Defendants The Press Enterprise, Inc., Paul Eyerly, and Brandon Eyerly pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), Pennsylvania Human Relations Act, 43 PA. STAT. § 951, *et seq.* ("PHRA"), and state law. Dawn's first amended complaint asserts claims for ADA and PHRA disability discrimination, defamation, and invasion of privacy. (Doc. 48, Am. Compl.).

By way of brief background, Dawn was an employee of Defendant Press Enterprise from October 25, 2017, through March 25, 2022. See Dawn v. Press Enter., Inc., No. 4:23CV499, 2024 WL 3569205, at *1 (M.D. Pa. July 29, 2024). Dawn's wife is an individual with an addiction related disability. Id.  After several unsuccessful requests to work from home to better assist his wife, defendants allegedly told plaintiff that his requests were considered to be a resignation, and

ultimately, his employment was terminated. Id.  Dawn sued defendants in March 2023.  In his initial complaint, Dawn indicated in a footnote that he intended to amend the complaint to add counts under the Pennsylvania Human Relations Act, 43 PA. STAT. §§ 951, et seq. ("PHRA") when the administrative exhaustion requirements were satisfied. (Doc. 1, ¶ 2).

Later, Dawn sought leave to amend his initial complaint. (Doc. 30).  The court granted his motion to add disability discrimination claims under the PHRA. (Doc. 47).  With respect to the proposed ADA and PHRA retaliation claims, however, the court denied Dawn's request without prejudice. (Id.)  The court explained that, should Dawn wish to pursue such claims, he must file a renewed motion to amend in accordance with the Federal Rules of Civil Procedure and the Rules of Court of the Middle District of Pennsylvania ("Local Rules"). (Id.)

Now Dawn seeks leave to amend to assert two additional claims against defendants, one for unlawful retaliation under the ADA and another for unlawful retaliation under the PHRA. (Doc. 49).  Dawn's motion is accompanied by a copy of the proposed second amended complaint in Exhibit A and a version of the proposed amendments with changes highlighted in Exhibit B as required by the Local Rules. See M.D. PA. L.R. 15.1.

Defendants do not oppose Dawn's motion insofar as it seeks to add a retaliation claim under the PHRA. (Doc. 51, Br. in Opp. at 2 n.1).  Defendants,

2

however, oppose the proposed addition of an ADA retaliation claim. (Id. at 5-6). Defendants advance two arguments in support of their positions. First, they assert that Dawn failed to demonstrate good cause to file a second amended complaint as required by Rule 16. (Id. at 7-8).  Second, they contend that the proposed amendment would be futile because more than ninety days have passed since the EEOC issued plaintiff a Notice of Right to Sue, rendering the ADA retaliation claim time-barred. (Id. at 9-10).

Amendment of Pleadings Standard – Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure.  Leave to amend should be freely given absent any "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" Foman v. Davis, 371 U.S. 178, 182 (1962).  Moreover, "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust." Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (citing Foman, 371 U.S. at 182; Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993)).  Prejudice to the non-moving party is the touchstone for denying an amendment. Id. (citing Lorenz, 1 F.3d at 1414) (further citation omitted).

3

*Good Cause under Rule 16* – Turning to defendants' first argument, that Dawn cannot satisfy Rule 16's good-cause standard, defendants acknowledge that plaintiff raised an ADA retaliation claim in his charge of discrimination ("Charge") before the Equal Employment Opportunity Commission ("EEOC"). (Doc. 51, Br. in Opp. at 8). Nonetheless, defendants assert that plaintiff has moved to amend his complaint for the second time after the deadline set forth in the court's scheduling order. (Id. at 7). According to defendants, by requesting leave to amend, plaintiff is effectively seeking to modify the court's case management order. (Id. at 7-8). Defendants further argue that plaintiff failed to address whether he has demonstrated good cause to amend, as required by Rule 16. (Id.)

When seeking to modify a case management order, Federal Rule of Civil procedure 16(b)(4) requires the moving party to establish "good cause" for the amendment. Premier Comp Sols., LLC v. UPMC, 970 F.3d 316, 318 (3d Cir. 2020). "The touchstone for assessing whether there was good cause to amend a complaint is whether the moving party showed due diligence in bringing their claims." Rogers v. Wilmington Tr. Co., No. 21-1473, 2022 WL 621690, at *6 (3d Cir. Mar. 3, 2022) (citing Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84 (3d Cir. 2010)). Thus, a "party must meet [Rule 16] standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." Premier Comp Sols., LLC., 970 F.3d at 319.

4

Here, the case management order set October 7, 2024 as the deadline for amending the pleadings. (Doc. 29). Dawn first moved to amend on October 4, 2024, three days before the deadline. (Doc. 30). The court denied that motion in part "without prejudice to the plaintiff filing a motion to amend addressing both the ADA and PHRA retaliation claims." (Doc. 47). Plaintiff followed the court's directive and filed a second motion for leave to amend. Under these circumstances, plaintiff had good cause to further amend his complaint.

Moreover, the proposed amendment is permitted under the relation-back doctrine. Pursuant to Rule 15(c), "[a]n amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." FED. R. CIV. P. 15(c)(1)(B). Thus, when an amended complaint "relates back" to the original complaint, the operative date for statute of limitations purposes is the date the original complaint was filed. Glover v. F.D.I.C., 698 F.3d 139, 145 (3d Cir. 2012) ("Where an amendment relates back, Rule 15(c) allows a plaintiff to sidestep an otherwise-applicable statute of limitations, thereby permitting resolution of a claim on the merits, as opposed to a technicality.").

Here, Dawn's renewed motion for leave to amend relates back to his first motion and is itself timely. The court expressly permitted the filing of a renewed

5

motion. Furthermore, the proposed ADA retaliation claim arises out of the conduct described in the original complaint. More precisely, the substance of that claim was already embedded in the original pleading, albeit not set forth under a separate heading, as discussed more fully below.

Contrary to defendants' assertions, plaintiff did not lack diligence in pursuing his ADA retaliation claim. The inclusion of an ADA retaliation claim in the EEOC Charge demonstrates that plaintiff possessed the underlying facts at the outset of the litigation. However, the absence of a separate heading in the original complaint entitled "Retaliation Claim under the ADA" is not fatal so long as the factual allegations fairly placed the defendants on notice of the claim.

Rejecting the proposed amendment would place form over substance. "The Federal Rules do not require technical forms of pleading." LeGare v. Univ. of Pennsylvania Med. Sch., 488 F. Supp. 1250, 1256 (E.D. Pa. 1980) (citing FED. R. CIV. P. 8(e)). Rule 10(b) refines this general principle by requiring a party to state "its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count [.]" FED. R. CIV. P. 10(b). Notably, "Rule 10(b) is addressed to separate factual claims rather than to separate legal grounds for relief [.]" LeGare, 488 F. Supp. at 1256; see Ciocca v. Heidrick & Struggles, Inc., No. CV

6

17-5222, 2018 WL 2298498, at *4 (E.D. Pa. May 21, 2018) ("While alleging each theory in a separate count might have added a measure of clarity to the Complaint—and avoided excess motion practice—it is not required by Rule 10(b) under the circumstances of this case.").

Dawn's original complaint provided:

> 2. Defendants wrongfully discriminated against, wrongfully terminated, and unlawfully deprived Mr. Dawn of his rights under, *inter alia*, the Americans with Disabilities Act [.]

> 52. The Americans With Disabilities Act prohibits discrimination against employees on the basis of their relationship with individuals with disabilities.

> 53. Press Enterprise terminated Mr. Dawn's employment because of his relationship with an individual with a disability, Mr. Dawn's wife.

> 54. On May 4, 2022, Mr. Dawn's attorney sent a letter to Press Enterprise and the Eyerly's informing them of Mr. Dawn's intention to pursue discrimination claims related to his termination.

> 55. After receiving that letter, and **in retaliation for that legally protected act**, Defendants opposed Mr. Dawn's application for Unemployment Compensation benefits.

> 56. Defendants falsely told the Pennsylvania Unemployment Compensation Bureau that Mr. Dawn "resigned."

(Doc 1, ¶¶ 2, 52-56).

The allegations in the original complaint were sufficient to place defendants on notice of Dawn's ADA retaliation claim. The complaint expressly alleged that

defendants falsely informed the Pennsylvania Unemployment Compensation Bureau that Dawn had resigned in retaliation for his counsel's letter advising defendants of Dawn's intent to pursue legal action. Additionally, defendants oppose only the proposed ADA retaliation claim while declining to challenge the PHRA retaliation claim, a distinction the court finds incongruent given that both claims arise from the same nucleus of operative facts.

Considering the initial complaint as a whole, including the allegations referenced above, plaintiff's intent to assert retaliation claims under both ADA and PHRA is quite apparent. Accordingly, defendants' Rule 16 arguments are not persuasive.

*Futility* – Defendants further contend that plaintiff's proposed amendment to add an ADA retaliation claim is futile because the claim is time-barred. (Doc. 51, Br. in Opp. at 9-10). Specifically, defendants argue that more than two and a half years have elapsed since Dawn received his Notice of Right to Sue from the EEOC. (Id.) Since the court has already concluded that Dawn's second motion for leave to amend relates back to his timely filed initial motion, defendants' futility argument is unpersuasive.

Accordingly, for the reasons set forth above, it is hereby **ORDERED** that:

1) Dawn's second motion to amend, (Doc. 49), is **GRANTED**;

8

2) The Clerk of Court is directed to docket the proposed Second Amended Complaint, (Doc. 49-1), as the operative complaint in this matter; and

3) As previously ordered on September 23, 2025, (Doc. 57), dispositive motions are due sixty (60) days from the date of this order, i.e., by May 4, 2026.

BY THE COURT:

Date: 3/4/26

_____
JUDGE JULIA K. MUNLEY
United States District Court